(196 P.3d 439)
No. 100,734

IN THE INTEREST OF B.E.Y., B.A.Y., and S.C.Y., Minor Children Under the Age of 18.

Opinion filed November 21, 2008.

*Edward M. Kumorowski,* of Hutchinson, for appellant natural father.

*Richard A. Buck,* assistant district attorney, *Keith E. Schroeder,* district attorney, and *Stephen N. Six,* attorney general, for appellee.

Before RULON, C.J., GREENE and HILL, JJ.

GREENE, J.: Natural father appeals the district court's termination of his parental rights. Concluding that a rational factfinder

could have found it highly probable, *i.e.*, by clear and convincing evidence, that father's rights should be terminated and that such termination was in the best interests of the children, we affirm.

In February 2007, the children were placed in State custody based on reports that father physically and sexually abused the children and mother failed to protect them. On August 7, 2007, the district court found that father sexually abused B.A.Y., physically abused B.E.Y., mother neglected the children, and both mother and father had emotionally abused the children. Therefore, the district court held that the children were children in need of care.

On November 13, 2007, the State filed a motion to terminate father's and mother's parental rights. After a trial, the district court found that their parental rights should be terminated because both parents were unfit by conduct or condition that rendered them unable to care for B.E.Y., B.A.Y., and S.C.Y.

Father timely appeals. Mother timely appealed but has voluntarily dismissed her appeal.

The State must prove by clear and convincing evidence that a parent's rights should be terminated when the termination follows a child in need of care adjudication. K.S.A. 2007 Supp. 38-2269(a). When an appellate court reviews a trial court's determination to terminate a parent's rights under the clear and convincing evidence standard, "it should consider whether, after review of all the evidence, viewed in the light most favorable to the State, it is convinced that a rational factfinder could have found it highly probable, *i.e.*, by clear and convincing evidence," that the parent's rights should be terminated. *In re B.D.-Y.*, 286 Kan. 686, 705, 187 P.3d 594 (2008).

Father generally contends there is insufficient evidence to support the district court's findings his parental rights should be terminated. He argues that he was making progress toward reintegration and the district court failed to adequately consider facts demonstrating compliance with a plan to reintegrate.

Here, the district court made thorough findings to support its conclusions that both parents were unfit and unlikely to change in the foreseeable future.

The district court found the following statutory factors applied to father: (1) conduct of a physically, emotionally or sexually cruel

or abusive nature, pursuant to K.S.A. 2007 Supp. 38-2269(b)(2); (2) excessive use of intoxicating liquors, pursuant to K.S.A. 2007 Supp. 38-2269(b)(3); (3) physical, mental, and emotional neglect of the children, pursuant to K.S.A. 2007 Supp. 38-2269(b)(4); (4) failure of reasonable efforts made by child care agencies to rehabilitate the family, pursuant to K.S.A. 2007 Supp. 38-2269(b)(7); (5) lack of effort by father to adjust his circumstances, conduct, or conditions to meet the needs of his children, pursuant to K.S.A. 2007 Supp. 38-2269(b)(8); and (6) failure to carry out a reasonable plan approved by the court directed toward the integration of the children into the parental home, pursuant to K.S.A. 2007 Supp. 38-2269(c)(3). The district court also held that father lacked accountability for the damage done to the children, father had made little progress on his case plan, and father had not gained any insight into the problems with his behavior during the course of this case.

Based on our review of the record, we are convinced that a rational factfinder could have found it highly probable, *i.e.*, by clear and convincing evidence, that father's rights should be terminated. We note, however, that the district court's journal entry fails to fully conform to the statute by omitting to state that its finding of unfitness was made by clear and convincing evidence. K.S.A. 2007 Supp. 38-2269(a) clearly directs that parental rights may be terminated "when the court finds *by clear and convincing evidence* that the parent is unfit by reason of conduct or condition which renders the parent unable to care properly for a child and the conduct or condition is unlikely to change in the foreseeable future." (Emphasis added.) The better practice dictates that the district court expressly reflect in its journal entry that this standard of proof was employed in making all findings.

Moreover, the statute also directs that "[i]f the court makes a finding of unfitness, the court shall consider whether termination of parental rights as requested in the petition or motion is in the best interests of the child." K.S.A. 2007 Supp. 38-2269(g)(1). Again, the better practice is that the journal entry expressly reflects that the children's best interests were considered. In a case such as this one, however, where father sexually molested or emotionally

abused the children, we are convinced that termination was in the children's best interests.

Affirmed.