(246 P.3d 1021)
No. 104,136

In the Matter of K.W. (DOB 6/11/08), J.W. (DOB 3/12/04), K.W. (DOB 4/16/03), and C.W. (DOB 6/29/06).

Opinion filed February 11, 2011.

*Lawrence H. Litson*, of Gove, for appellant.

*John Shirley*, county attorney, for appellee.

*Colton D. Eikenberry*, of Scott City, guardian ad litem.

Before PIERRON, P.J., MARQUARDT and HILL, JJ.

MARQUARDT, J.: D.W., the natural mother of K.W., J.W., K.W., and C.W. (Mother), appeals the district court's termination of her parental rights. On appeal, Mother contends that the district court erred by failing to acknowledge her constitutional right to parent, as well as finding sufficient evidence to support the termination of her parental rights. Because it is not apparent from the record on appeal that the district court made the findings mandated by the applicable statute, we vacate and remand with directions.

K.S.A. 2009 Supp. 38-2269(a) directs that parental rights may be terminated when the court finds by clear and convincing evidence that the parent is unfit by reason of conduct or condition which renders the parent unable to care properly for a child and that conduct or condition is unlikely to change in the foreseeable future. We have consistently held that the better practice dictates that the district court expressly reflect that all statutory findings

were made and that the proper standard of proof was used in making these findings. See *In re B.E.Y.*, 40 Kan. App. 2d 842, 844, 196 P.3d 439 (2008).

When this court reviews a district court's termination of parental rights, we consider whether, after review of all the evidence, viewed in the light most favorable to the State, we are convinced that a rational factfinder could have found it highly probable, *i.e.* by clear and convincing evidence, that the parent's rights should be terminated. *In re B.D.-Y.*, 286 Kan. 686, 705, 187 P.3d 594 (2008).

In *B.D.-Y.*, the court also clarified that the "clear and convincing evidence" standard of proof applies when particularly important individual interests or rights are at stake, including parental termination and child in need of care cases. 286 Kan. at 697. The court explained that "clear and convincing evidence" requires the factfinder to believe "that the truth of the facts asserted is highly probable." 286 Kan. at 697.

In a parental termination case, "[i]f the court makes a finding of unfitness, the court shall consider whether termination of parental rights as requested in the petition or motion is in the best interests of the child." K.S.A. 2009 Supp. 38-2269(g)(1). Here, the district court failed to make the determination that the termination of parental rights was in the best interests of these children. See K.S.A. 2009 Supp. 38-2269(g)(1).

Because of the district court's failure to make that determination, it is simply not clear that the required statutory findings were made. The lack of such a finding has impaired meaningful appellate review. We have no alternative other than to remand for additional findings. If the evidence in the record does not support all statutory findings, the remand may be expanded to include such supplemental proceedings as the district court may deem necessary.

This court is cognizant of the time these children have already spent out of the home and their need for permanency; we are unable to overlook the district court's fundamental omission in not making a finding that is required by the applicable statute. We urge the district court to expedite the proceedings on remand and to

heed the clear statutory requirements in its ultimate findings and conclusions.

Vacated and remanded with directions.