NOT DESIGNATED FOR PUBLICATION

No. 116,895

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

In the Interest of J.D.,
A Minor Child.

MEMORANDUM OPINION

Appeal from Harvey District Court; JOE DICKINSON, judge. Opinion filed June 9, 2017. Affirmed.

*David J. Stucky*, of Adrian & Pankratz, P.A., of Newton, for appellant natural father.

*Kaitlin M. Dixon*, assistant county attorney, for appellee.

Before GARDNER, P.J., PIERRON and ATCHESON, JJ.

*Per Curiam*: D.S. (Father), the natural father of J.D., appeals from the decision of the district court terminating his parental rights. Finding no reversible error, we affirm.

*Factual and procedural background*

In May 2014, when J.D. was 4 months old, the State took him into custody and filed a petition alleging he was a child in need of care. According to the petition, J.D. was without adequate parental care, control, or subsistence that was not due solely to the lack of financial means of his parents, and was without care or control necessary for his physical, mental, or emotional health. Father stipulated that J.D. was a child in need of care. At the disposition hearing in August 2014, the district court ruled that J.D. should remain in the custody of the Department for Children and Families.

1

In May 2015, the State moved to terminate parental rights of both parents. The mother's rights were terminated in October 2015, and the termination hearing for Father was held in January 2016. Father did not appear despite having been properly served with notice of the hearing while he was in Harvey County Detention Center. His attorney appeared, however. The district court accepted the State's proffer of its points of severance and terminated Father's parental rights.

*Standard of review*

To terminate parental rights, a district court must find the following by clear and convincing evidence: (1) that a parent is unfit by reason of conduct or condition which renders the parent unable to properly care for his or her child; and (2) that the conduct or condition is unlikely to change in the foreseeable future. K.S.A. 2016 Supp. 38-2269(a). It must also find that termination of parental rights is in the child's best interests. K.S.A. 2016 Supp. 38-2269(g)(1). A district court may make any additional factual findings appropriate to answering the best-interests question under the preponderance-of-the-evidence standard. *In re R.S.*, 50 Kan. App. 2d 1105, 1116, 336 P.3d 903 (2014). The State bears the burden of proof in this matter. See K.S.A. 2016 Supp. 38-2250 (State has burden to prove a child is in need of care); *In re B.D.-Y.*, 286 Kan. 686, 690, 187 P.3d 594 (2008) (same).

We review a district court's decision to terminate a parent's rights by applying the clear and convincing evidence standard, asking whether a rational factfinder could believe it is "highly probable" that the facts asserted to demonstrate the parent's unfitness are true. See *B.D.-Y.*, 286 Kan. at 705. We review the evidence in the light most favorable to the State. 286 Kan. at 705.

At the hearing, the district court made the necessary statutory findings that clear and convincing evidence showed Father was unfit by reason of conduct or condition

which rendered him unable to properly care for J.D.; that the conduct or condition was unlikely to change in the foreseeable future; that Father failed to carry out a reasonable plan approved by the court directed toward reintegration; and that it was in the best interests of the child that Father's parental rights be terminated.

*Clear and convincing evidence supports the district court's conclusion that Father is unfit*

The governing statute, K.S.A. 2016 Supp. 38-2269, sets out a nonexclusive list of factors a district court must consider when determining whether a parent is unfit. Here, the points of severance relied on three statutory grounds for termination of Father's rights:

- K.S.A. 2016 Supp. 38-2269(c)(3): Failure to carry out a reasonable plan approved by the court directed toward the reintegration of the child into a parental home;
- K.S.A. 2016 Supp. 38-2269(b)(7): Failure of reasonable efforts made by appropriate public or private agencies to rehabilitate the family; and
- K.S.A. 2016 Supp. 38-2269(b)(8): Lack of effort on the part of the parent to adjust the parent's circumstances, conduct, or condition to meet the needs of the child.

The district court considered each of these grounds at the hearing.

The district court summarized its findings on these factors as "there's just been no participation by the father." The agency assigned to this case was Saint Francis Community Services (SFCS) in Harvey County. Father was in contact with SFCS twice in June 2014 and once in September 2014. In June 2014, he missed the initial meeting to set a case plan but explained he thought the meeting was being held at the courthouse so he did not make it to SFCS in time. SFCS reviewed the case plan with him by phone, and Father stated he was satisfied with the case plan and its requirements. Later that month, Father arrived 5 hours late for a visitation with J.D., saying he had misheard the time

3

scheduled for it. Father's last contact with SFCS or the court was by phone in September 2014. During that call, Father refused SFCS's request that he complete a mouth swab. He had no further contact with SFCS during the 15 months prior to the termination hearing.

SFCS made monthly phone calls and mailed letters to Father with no response. The points of severance stated his whereabouts were unknown. His failure to maintain contact with SFCS was a violation of his case plan. Further, the points of severance showed that Father did not complete any case plan tasks, including attending parenting classes, obtaining a drug and alcohol assessment, obtaining a mental health evaluation, and providing documentation of employment. Finally, Father was arrested twice in April 2015, first for criminal trespass and later for possession of drugs, possession of paraphernalia, and obstruction. This violated the case plan condition that Father not incur any additional criminal charges and indicates he was likely using drugs, another violation of his case plan.

Father argues that his shortcomings were due to time spent in jail, a lack of transportation, and a lack of financial resources. However, these circumstances would not preclude Father from maintaining contact with SFCS by responding to their phone calls and letters. Had he maintained contact, he could have sought advice or assistance in overcoming these challenges.

The district court reviewed the case plan and points of severance and found that Father's "pattern of just noncompliance and nonparticipation" was not likely to change in the foreseeable future. The district court found Father had made no progress on case plan tasks and had failed to cooperate with the efforts made by SFCS. It found Father unfit because he made no effort to change his conduct or condition to be able to care properly for his child.

4

Father argues that the only evidence the court relied on was the proffer of the petition and the points of severance. However, Father did not indicate to his attorney that he objected to the proffer, did not appear, and made no attempt to introduce any evidence. The last contact he had with his attorney was in November 2015. He did not respond to his attorney's phone call or letter after that.

The evidence proffered by the State is substantial in both quantity and quality such that we are convinced a reasonable factfinder could believe it is "highly probable" that the facts asserted to demonstrate Father's unfitness are true. See *B.D.-Y.*, 286 Kan. at 705. The State has met its burden to show unfitness by clear and convincing evidence.

*The district court did not abuse its discretion in finding termination was in the best interests of J.D.*

Upon a finding of a parent's unfitness, the district court must consider whether the child's physical, mental, or emotional health would best be served by the termination of parental rights. K.S.A. 2016 Supp. 38-2269(g)(1). We review the district court's decision that termination was in the child's best interests under an abuse of discretion standard. *In re M.H.*, 50 Kan. App. 2d 1162, 1175, 337 P.3d 711 (2014). A district court abuses its discretion only if it bases its decision on an error of fact or law or takes a view that no reasonable person would agree with. 50 Kan. App. 2d at 1175.

The district court concluded that "there's just been no participation by the father. . . . So, really, Mr. Speer has just made no effort whatsoever to be a part of this child's life."

In considering termination, the district court must give primary consideration to the physical, mental, and emotional health of the children. K.S.A. 2016 Supp. 38-2269(g)(1); *In re K.R.*, 43 Kan. App. 2d 891, 904, 233 P.3d 746 (2010). As part of this

5

process, "the court must weigh the benefits of permanency for the children without the presence of their parent against the continued presence of the parent and the attendant issues created for the children's lives." 43 Kan. App. 2d at 904. The district court did not specifically enumerate the factors or findings it relied on in making its determination that termination of Father's parental rights was in J.D.'s best interests. This does not mean the court abused its discretion, though. While the better practice would have been for the district court's ruling to reflect the factors considered in determining the child's best interests, this is not necessarily required, particularly if the record supports the court's determination. See *In re B.E.Y.*, 40 Kan. App. 2d 842, 844-45, 196 P.3d 439 (2008).

The record in this case supports the district court's finding that termination of Father's parental rights was in the best interests of the child. All of the circumstances we have already discussed properly bear on the best-interests determination. They weigh against a conclusion that continuing Father's parental rights would benefit J.D. The district court understood the factual circumstances, appreciated the governing legal grounds, and reached a conclusion well supported in each. Thus, the district court did not abuse its discretion in determining that J.D.'s best interests would be served by terminating his father's rights and making him eligible for adoption. Accordingly, we affirm the district court's termination of Father's parental rights.

Affirmed.