NOT DESIGNATED FOR PUBLICATION

No. 117,238

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

In the Interests of J.Y., K.M., and B.M.,
Minor Children.

MEMORANDUM OPINION

Appeal from Wyandotte District Court; DANIEL CAHILL, judge. Opinion filed January 26, 2018.
Affirmed.

*Christopher Cuevas*, of Kansas City, for appellant natural mother.

*Ashley Hutton*, assistant district attorney, and *Mark Dupree*, district attorney, for appellee.

Before ARNOLD-BURGER, C.J., BUSER and SCHROEDER, JJ.

PER CURIAM:  Prior to terminating the parental rights of a parent, the district court must find by clear and convincing evidence that the parent is unfit, the conduct or a condition which renders the parent unfit is unlikely to change in the foreseeable future, and the termination of parental rights is in the best interests of the child. K.S.A. 2016 Supp. 38-2269(a), (g)(1).

S.Y. (Mother) is the mother of three young children, J.Y., K.M., and B.M. When the youngest was born the child tested positive for methamphetamines and marijuana. The children were taken into protective custody by the Kansas Department for Children and Families (DCF). The children were found to be children in need of care and case goals were adopted for Mother. In part, Mother was to complete various assessments and follow recommendations, obtain stable housing, and remain drug free. Mother failed to

1

substantially complete many of her case goals and the State moved to terminate her parental rights. The district court terminated Mother's parental rights and she appeals.

After review of all the evidence, viewed in the light most favorable to the State, we are convinced that a rational factfinder could have found by clear and convincing evidence that J.Y., K.M., and B.M. were all children in need of care and that their Mother was not only unfit to care for them properly but that Mother's conduct was unlikely to change in the foreseeable future. In addition, the district court did not err in finding that termination of Mother's rights was in the best interests of the children. Accordingly, we affirm.

FACTUAL AND PROCEDURAL HISTORY

Mother has given birth to three children:  J.Y., K.M., and B.M. In September 2015, Mother gave birth to B.M. A few days after B.M. was born, DCF received a report that B.M. tested positive for methamphetamines and marijuana. Mother denied knowing how B.M. tested positive for methamphetamine but knew that B.M. would test positive for marijuana. Mother had already been working with Kaw Valley Center family preservation from August 2014 to August 2015 for issues related to her other children. When K.M. was born Mother also was positive for methamphetamine and marijuana. During that year Mother had taken some drug classes but was inconsistent with attendance. As a result of B.M. being declared a child in need of care, Mother agreed to participate in a second year of KVC family preservation.

Mother was living with the children's maternal grandmother (Grandmother) because Mother was unable to pay the rent for the home she had been living in. At the end of September 2015 a social worker with DCF visited Grandmother's home to talk to Mother. Mother stated that she did not know how long she would be able to stay with Grandmother. Mother was asked to take a urinalysis. The urinalysis tested positive for

2

marijuana and methamphetamine but not amphetamines. The following month, Mother tested negative for drugs. But in November 2015 Mother tested positive for marijuana, methamphetamine, and amphetamines. After the positive test in November, the district court ordered the children taken into protective custody.

Mother stipulated to a finding that the children were children in need of care. The court adopted interim orders in December 2015 which set out, in pertinent part, that Mother was to: contact a court services officer (CSO) at least once per month; maintain stable housing and income; obtain a psychosocial evaluation and follow the recommendations; submit to random and timely urinalysis testing; obtain a parenting assessment and follow recommendations; and obtain drug and alcohol assessment and follow the recommendations. Additional orders were added in February 2016 that required Mother to report her weekly employment schedule and participate in mental health assessment and follow recommendations.

A review hearing was held in May 2016 and the court ordered that prior court orders remained in effect and scheduled a termination/permanency hearing in September 2016. In September 2016, the district continued the hearing to January 2017. The reason for the continuance is not entirely clear but it may have been because Mother was making some progress.

In January 2017, now over a year since the children had been removed from her custody, a termination hearing was held where the parties both agreed that Mother did not have stable housing and had not maintained consistent contact with the CSO. In addition, although she had completed a RADAC assessment, she was unsuccessfully discharged from her recommended treatment three days after entry and had not provided verification that she had completed drug treatment or parenting classes. The parties also agreed that Mother tested positive for drugs on six occasions between February and May 2016. Additionally, the State noted that visitation had been sporadic throughout most of the

3

case but conceded it had been more consistent in the more recent months. The State also indicated that Mother completed a mental health assessment the day before the termination hearing. Information was provided that Mother did eventually complete an inpatient drug treatment program several months after her prior unsuccessful discharge but failed to complete follow-up outpatient treatment and aftercare. Mother also missed a urinalysis in late December 2016.

Based on the proffer, the court found that Mother was an unfit parent due to her use of intoxicating liquors or narcotic or dangerous drugs to such a duration or nature that it rendered her unable to care for the needs of the children, that reasonable efforts to rehabilitate the family had failed, and that Mother demonstrated a lack of effort to adjust her circumstances to meet the needs of the children. The court also found that a reasonable plan was approved by the court and Mother failed to carry out the plan. The court found that the conduct or condition was unlikely to change in the foreseeable future, reintegration was not a viable alternative, and that termination of parental rights was in the best interests of the children.

Mother asked that the findings and orders be stayed for 45 days. Mother argued that she would have housing soon. The district court denied Mother's request. The court noted that Mother had a significant portion of time between the filing of the motion to terminate and the termination hearing to make significant progress on her case goals but that she had failed to do so. The court did note that Mother appeared to have "a handle on her drug use" but that was not enough to convince the court that Mother was a fit parent. The court pointed to Mother's February 2016 goal to get a mental health assessment. Mother completed the mental health assessment the day before the termination hearing, which was nearly a year later.

Mother timely appeals alleging that the district court erred in terminating her parental rights and abused its discretion in denying her motion to stay the order of termination.

ANALYSIS

*The district court did not err in terminating Mother's parental rights.*

On appeal Mother argues that the district court erred in finding that she was an unfit parent under K.S.A. 2016 Supp. 38-2269, that her conduct was unlikely to change in the foreseeable future, and that termination was in the best interests of the children.

When determining whether a person's parental rights should be terminated, the district court must consider the nonexclusive factors set out in K.S.A. 2016 Supp. 38-2269(b). Any one factor may, but does not necessarily, establish grounds for termination of parental rights. K.S.A. Supp. 38-2269(f). On appeal, this court considers whether, after reviewing all the evidence in the light most favorable to the State, we are "convinced that a rational factfinder could have found it highly probable, *i.e.* by clear and convincing evidence, that the parent's rights should be terminated." *In re K.W.*, 45 Kan. App. 2d 353, 354, 246 P.3d 1021 (2011). In making this determination, we do not reweigh conflicting evidence, pass on the credibility of witnesses, or redetermine questions of fact. *In re B.D.-Y.*, 286 Kan. 686, 705, 187 P.3d 594 (2008).

When determining whether a person will remain unfit for the foreseeable future the period of time to be considered must be from the child's perspective, not the parent's. *In re S.D.*, 41 Kan. App. 2d 780, 790, 204 P.3d 1182 (2009). The court can consider a parent's past actions in determining future unfitness. *In re Price*, 7 Kan. App. 2d 477, 483, 644 P.2d 467 (1982).

5

The district court found that Mother was unfit due to: her excessive use of intoxicating liquors or narcotic or dangerous drugs of such duration or nature as to render the parent unable to care for the ongoing physical, mental, or emotional needs of the child; the failure of reasonable efforts made by appropriate public or private agencies to rehabilitate the family; a lack of effort on her part to adjust her circumstances, conduct, or conditions to meet the needs of her children; and a failure to carry out a reasonable plan approved by the court directed toward integrating the children into the parental home. K.S.A. 2016 Supp. 38-2269(b)(3), (7)-(8), (c)(3).

There was evidence that Mother had a significant drug problem in the past. B.M. tested positive for methamphetamines and marijuana at birth, even though Mother had been working toward family preservation for the previous year related to her other two children and had made little progress. While there was a period of time where Mother did not test positive for drugs, she did miss the random test that was ordered shortly before the hearing. Mother did not provide any documentation showing that she had successfully completed all recommended drug treatment programs. The court could consider Mother's past drug use in determining her future conduct, particularly in light of the fact that she was continuing to resist participation in required outpatient and after-care treatment programs. See *In re Price*, 7 Kan. App. 2d at 483.

There was also evidence to support findings that reasonable efforts made to rehabilitate the family failed, Mother lacked effort in adjusting to her circumstances, and she failed to carry out a reasonable plan directed toward integrating the children into the parental home. As part of her case plan Mother had to maintain stable housing, which she failed to do. In fact, at the time of the hearing it was unknown where Mother was living. Mother also was required to attend and follow the recommendations provided by a drug and alcohol assessment, a parenting assessment, and a mental health assessment. The State proffered that Mother did not successfully complete all of her recommended drug

6

treatment programs, did not complete parenting classes, and only completed a mental health assessment the day before the termination hearing.

The court was able to look at Mother's past conduct to determine whether Mother would remain unfit for the foreseeable future. See *In re Price*, 7 Kan. App. 2d at 483. Additionally, when determining what the foreseeable future is the court must consider it from the child's perspective. See *In re S.D.*, 41 Kan. App. 2d at 790. In this case, there was ample evidence to find that Mother would remain unfit for the foreseeable future when looking at it from a child's perspective. Mother had an extensive history of drug use and had only recently begun to get a handle on it. She failed to complete many of her case goals. She only completed the mental health assessment the day before the termination hearing, which had already been continued several months beyond its initial scheduling. The judge found that any further time to comply would be futile.

Any one of the statutory factors in K.S.A. 2016 Supp. 38-2269 standing alone may provide a sufficient basis upon which the district court may revoke a person's parental rights. K.S.A. 2016 Supp. 38-2269(f). Here, there was clear and convincing evidence to support the district court's determination that at least four factors all indicated that Mother was not a fit parent. Based on the information provided to the court, when viewed in the light most favorable to the State, a rational factfinder could find it highly probable that Mother was an unfit parent and was likely to remain so for the foreseeable future.

Finally, in considering termination of a parent's rights in addition to finding a parent unfit the court must consider whether termination is in the best interests of the child. K.S.A. 2016 Supp. 38-2269(g)(1). This court reviews a district court's decision regarding the best interests of a child for abuse of discretion. *In re R.S.*, 50 Kan. App. 2d 1105, 1116, 336 P.3d 903 (2014). A judicial action constitutes an abuse of discretion if (1) no reasonable person would take the view adopted by the trial court; (2) it is based on

7

an error of law; or (3) it is based on an error of fact. *Wiles v. American Family Life Assurance Co.*, 302 Kan. 66, 74, 350 P.3d 1071 (2015).

In its written order the district court stated that it gave primary consideration to the physical, mental, or emotional needs of each child and found that it was in the best interests of the children to terminate Mother's parental rights. Mother does not deny her failures, but simply requests additional time to comply and show she has her drug use under control. The district court judge noted from the bench that Mother had known of the requirements for close to a year, yet still many were not completed and some were unexplainably not even attempted until the day before the hearing. It was noted that the children had been away from Mother in placement for a large portion of their young lives. Any further delays, he stressed, would be futile and would deny the children permanency that was important to their wellbeing. Based on the information stated above, we are unable to conclude that the district court abused its discretion in finding that terminating Mother's parental rights was in the best interests of the children.

*The district court did not err in denying Mother's request to stay disposition.*

A district court's denial of a motion to continue is reviewed for abuse of discretion. *In re J.A.H.*, 285 Kan. 375, 384, 172 P.3d 1 (2007). A judicial action constitutes an abuse of discretion if (1) no reasonable person would take the view adopted by the trial court; (2) it is based on an error of law; or (3) it is based on an error of fact. *Wiles*, 302 Kan. at 74. Further, "[a]ll proceedings under [the Revised Kansas Code for Care of Children] shall be disposed of without unnecessary delay." K.S.A. 2016 Supp. 38-2246.

When the district court denied Mother's motion to stay the disposition the court focused on the fact that the case had been pending for some time. The court noted that Mother had just completed some of the court orders the day before the termination

8

hearing. The court found that more time would be "futile and . . . an unreasonable delay in these children achieving permanency."

Mother argues that one of the main issues she was facing was that she did not have housing but she would be able to get it soon. Mother also mentions that she had a handle on her drug use and continued to attempt to complete court orders. Even taking Mother's arguments as true, it does not provide a basis for finding that the district court abused its discretion. The court's decision was reasonable and was not based on an error of law or fact.

Affirmed.