NOT DESIGNATED FOR PUBLICATION

Nos. 119,651
119,652
119,653

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

In the Interests of
J.H., E.H., and M.H.,
Minor Children.


MEMORANDUM OPINION


Appeal from Douglas District Court; PEGGY C. KITTEL, judge. Opinion filed January 11, 2019. Affirmed.

*Jennifer K. Wika*, of Jennifer K. Wika, Attorney at Law, of Lawrence, for appellant natural mother.

*Kate Duncan Butler*, assistant district attorney, and *Charles E. Branson*, district attorney, for appellee.


Before GARDNER, P.J., ATCHESON and SCHROEDER, JJ.

PER CURIAM:  Mother appeals the termination of her parental rights to her three children. She argues there was insufficient clear and convincing evidence to support termination of her parental rights or that it was in the best interest of the children to terminate her parental rights. After reviewing the entire record, we disagree and affirm the district court.

The district court may terminate a parent's rights when the State as the party seeking to terminate those rights has shown (1) the parent is unfit and will likely remain so for the foreseeable future and (2) it is in the best interests of the child to terminate the parent's

1

rights. See K.S.A. 2017 Supp. 38-2269(a), (g)(1). Further, a parent's rights may be terminated only when the evidence supporting termination is especially strong; under the statute, the evidence must be "clear and convincing." K.S.A. 2017 Supp. 38-2269(a). To be clear and convincing, the facts must be highly probable. *In re B.D.-Y.*, 286 Kan. 686, 705, 187 P.3d 594 (2008); *In re D.H.*, 54 Kan. App. 2d 486, 489, 401 P.3d 163, *rev. denied* 307 Kan. 987 (2017).

We review a district court's decision to terminate a parent's rights by asking whether a rational fact-finder could have found it highly probable the parent's rights should be terminated. *In re M.H.*, 50 Kan. App. 2d 1162, 1170, 337 P.3d 711 (2014). Because the district court—which is charged with finding the facts—terminated Mother's parental rights, we will review the evidence in the light most favorable to that determination. 50 Kan. App. 2d at 1170; *In re K.W.*, 45 Kan. App. 2d 353, Syl. ¶ 1, 246 P.3d 1021 (2011). Further, in reviewing the district court's decision, we may not reweigh the evidence, judge the credibility of witnesses, or redetermine factual questions. *In re B.D.Y.*, 286 Kan. at 705; *In re M.H.*, 50 Kan. App. 2d at 1170.

The district court may base its finding of unfitness on one of several bases outlined by the Legislature. See K.S.A. 2017 Supp. 38-2269(a)-(c). If supported by clear and convincing evidence, a single statutory basis for unfitness can support terminating a parent's rights, though courts should consider all applicable factors. K.S.A. 2017 Supp. 38-2269(f); *In re M.H.*, 50 Kan. App. 2d at 1170.

Here, the district court relied on four statutory factors: First, Mother had shown a lack of effort to adjust her circumstances, conduct, and condition to meet the children's needs, K.S.A. 2017 Supp. 38-2269(b)(8); next, Mother's conduct was mentally and emotionally abusive for the children to witness, K.S.A. 2017 Supp. 38-2269(b)(2) and (4); and finally, reasonable efforts by public and private agencies to get the family back together had failed, K.S.A. 2017 Supp. 38-2269(b)(7).

The record includes clear and convincing evidence to support the district court's finding Mother had shown a lack of effort to adjust her circumstances, conduct, and condition to meet the children's needs. See K.S.A. 2017 Supp. 38-2269(b)(8). Mother failed to shield the children from Father's abusive behavior, a fact Mother acknowledged. The record also reflects the children had lost confidence in their Mother to change to protect them from Father. She also failed to provide stable housing and at the time of the termination hearing, she was living in a motel room in Lawrence with a friend after moving back from Oklahoma while the case was pending. Additionally, Mother failed to maintain stable employment or even provide proof of employment.

The district court also found Mother's conduct was emotionally abusive and neglectful, K.S.A. 2017 Supp. 38-2269(b)(2) and (4). Here, the emotional abuse and neglect the children suffered was a direct result of Mother not protecting them from Father's abusive behavior. As mentioned, Mother acknowledged the emotional trauma the children suffered as a result of her not leaving Father. The psychologist, Dr. Jean Dirks told the court, "[T]he girls were traumatized by seeing their mother, whom they really loved, being beat up by their father and their mother said it's okay." Additionally, Dirks was concerned about Mother's poor judgment for herself and the children. Indeed, we have held that a "parent's failure to protect their child from abuse constitutes 'conduct toward a child of [an] emotionally . . . cruel or abusive nature.'" *In re S.D.*, 41 Kan. App. 2d 780, 789, 204 P.3d 1182 (2009) (quoting K.S.A. 2008 Supp. 38-2269[b][2]). Thus, we find clear and convincing evidence supports the district court's finding Mother's conduct was emotionally abusive and neglectful under K.S.A. 2017 Supp. 38-2269(b)(2) and (4).

Despite the evidence supporting the district court's findings of unfitness, Mother argues the court should not have terminated her parental rights because she substantially complied with the reintegration plan. She supports her position by citing to *In re A.M.*, No. 116,391, 2017 WL 2022704, at *6 (Kan. App. 2017) (unpublished opinion), in which we

reversed the termination of the father's parental rights. Mother essentially argues that, like the father in *A.M.*, she couldn't be considered "chronically unfit" because she complied with the reintegration plan.

It is true Mother complied with many aspects of her case plan and the district court acknowledged her partial compliance. But in *A.M.*, we set aside the district court's ruling because the father's behavior "was neither negligent nor malicious [and h]e had no pernicious conditions or characteristics that rendered him statutorily unfit." 2017 WL 2022704, at *6. That simply is not the case here. There is evidence Mother's behavior was negligent—she had a history of returning to Father despite his abusive behavior. Her pattern is also a "pernicious condition" rendering Mother statutorily unfit, since staying with Father causes the children to suffer harm and more abuse.

Even if Mother's substantial compliance with the case plan was dispositive, we do not reweigh the evidence on appeal. We must take the evidence in the light most favorable to the State. *In re B.D.-Y.*, 286 Kan. at 705; *In re M.H.*, 50 Kan. App. 2d at 1170. Under these standards, clear and convincing evidence supports the district court's unfitness finding based on all of the factors the court cited. Although there is no dispute Mother did complete some components of the reintegration plan, we are not tasked with reevaluating the evidence. See *In re J.D.D.*, 21 Kan. App. 2d 871, 875-76, 908 P.2d 633 (1995) (citing *McKissick v. Frye*, 255 Kan. 566, Syl. ¶ 8, 876 P.2d 1371 [1994]).

The record reflects, among other issues, Mother failed to complete the court ordered drug treatment program. She failed to complete the victim-based batterer's intervention treatment program and failed to provide stable housing and employment as the court ordered. Thus, when viewed in the light most favorable to the State, and giving primary consideration to the physical, mental, and emotional needs of Mother's three children, we are convinced there was substantial competent evidence to support the district court's finding under K.S.A. 2017 Supp. 38-2269(b)(7) that reasonable efforts to

restore the family had failed. The district court's decision to terminate Mother's parental rights was based upon clear and convincing evidence.

The district court also made two other findings pertaining to its overall findings of unfitness. First, it found it was "highly unlikely that [Mother] could meet the emotional and physical needs of any of the children within the foreseeable future." See K.S.A. 2017 Supp. 38-2269(a). It also found terminating Mother's parental rights would serve the best interests of her children, explaining: "Returning these children to the custody and care of [Mother] would be extremely emotionally detrimental." See *In re Interest of D.H.*, 54 Kan. App. 2d at 488. Mother, however, does not brief her challenge to either of these findings on appeal, so we consider those issues waived. See *In re Marriage of Williams*, 307 Kan. 960, 977, 417 P.3d 1033 (2018) (issues not briefed are deemed waived and abandoned).

In summary, considering all the evidence in the record before us, we find clear and convincing evidence supports a rational fact-finder's conclusion it is highly probable Mother was unfit by reason of conduct or condition rendering her unable to properly care for her children. Mother does not brief her challenge to the court's findings that her conduct or condition was unlikely to change in the foreseeable future and that termination was in her children's best interests.

Affirmed.