No. 120,239

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

In the Interests of K.H., K.R.T., and K.J.T.,
Minor Children.

SYLLABUS BY THE COURT

1.

Interpretation of a statute is a question of law over which appellate courts have unlimited review.

2.

At a hearing on a motion for termination of parental rights, a parent who fails to appear in person but who appears through counsel is not in default. In this situation, the district court errs by granting a default judgment terminating parental rights without receiving any evidence to support the motion.

3.

Under the Revised Kansas Code for Care of Children, when a parent fails to appear at the hearing on a motion to terminate parental rights, the State may proceed by proffering the evidence supporting the motion if there is no objection by counsel for the parent. But if the parent has instructed his or her counsel to object to a proffer, then the State should proceed by presenting evidence to the court in support of termination.

Appeal from Shawnee District Court; MARY E. CHRISTOPHER, judge. Opinion filed May 17, 2019. Reversed and remanded.

*Rachel I. Hockenbarger*, of Topeka, for appellant.

*Morgan L. Hall*, deputy district attorney and *Michael F. Kagay*, district attorney, for appellee.

Before ARNOLD-BURGER, C.J., PIERRON and MALONE, JJ.

MALONE, J.: J.H. (Mother) appeals the termination of her parental rights to her children, K.R.T., K.J.T., and K.H. The district court granted a default judgment against Mother because she failed to appear in person at the hearing on the State's motion to terminate parental rights, even though Mother appeared at the hearing through her court appointed counsel. On appeal, Mother claims the district court violated her due process rights by terminating her parental rights through a default judgment. She also claims there was insufficient evidence to support the district court's findings that she was an unfit parent and that termination of her parental rights was in the children's best interests. For the reasons stated in this opinion, we conclude the district court erroneously terminated Mother's parental rights based on a default judgment without hearing any evidence.

## FACTUAL AND PROCEDURAL BACKGROUND

On August 20, 2015, the State filed a petition alleging K.R.T., K.J.T., and K.H. were children in need of care (CINC). The petition named N.C. as the father of K.R.T. and K.J.T., and it named R.H. as the father of K.H. The fathers are not involved in this appeal. As to Mother, the petition alleged that she physically abused the children.

The district court held a temporary custody hearing the next day. Mother and her court appointed attorney appeared at the hearing. At the end of the hearing, the district court placed the children into the temporary custody of the Department for Children and Families (DCF).

The district court held an adjudication hearing on November 30, 2015. Mother appeared in person and through her attorney. At the hearing, Mother did not contest the allegations in the petition and the district court adjudicated the children as CINC. The district court held a disposition hearing on January 25, 2016, and ordered that the children remain in DCF custody.

The record reflects no other court hearings until late in 2016. In December 2016, the district court held a permanency hearing with the goal of reintegration or adoption. The district court held a review hearing in March 2017, and the court ordered social services to provide therapist recommendations to Mother. The district court held the next hearing in May 2017, and it ordered reports on progress in therapy. The district court held another review hearing in July 2017, and it ordered the social service agency to distribute reports relating to autism, psychological evaluations, and parenting assessments to all parties. Mother appeared in person and through her attorney at each of these hearings.

On July 31, 2017, Mother moved for direct placement of the children with her or, in the alternative, for accelerated reintegration. In her motion, Mother alleged she had stable housing, gainful employment, and was complying with her parole and requests from social services. But she argued social services were not making efforts to rehabilitate the family because social services did not start family therapy or allow her visits with the children longer than one hour. Mother requested the children be placed with her and allow court services to supervise her care of the children.

Before the district court could hear Mother's motion, the State moved to terminate her parental rights. The motion alleged that Mother was failing her reintegration plan due, in part, to her recent incarceration. According to the motion, Mother was incarcerated for felony fleeing or eluding, felony interference with law enforcement, misdemeanor possession of marijuana, and several traffic violations. The record does not reflect the final disposition of the criminal charges. The State's motion also requested termination of

the fathers' parental rights. The motion included a notice that "[a]ll parties are hereby notified pursuant to K.S.A. 38-2234 and K.S.A. 60-255 that if you do not appear at the hearing, the court will be making decisions without your input which could result in a default judgment against either parent who fails to appear."

The district court held several hearings before scheduling a trial on the motion to terminate parental rights. At a review hearing on August 28, 2017, the district court ordered a continuance on both pending motions. The district court held a permanency hearing in October 2017. At a review hearing on November 14, 2017, and again at a hearing on January 3, 2018, the district court continued the pending motions. Mother appeared in person and through her attorney at each of these hearings.

In March 2018, the district court held a review hearing where Mother addressed the court "regarding sibling visits and . . . communication and cooperation issues between Mother and [social services] assigned to her case." The district court ordered sibling visits to occur within two weeks and continued the case for pretrial and trial.

The district court held a pretrial hearing in April 2018. Mother failed to appear and the court continued the case for another pretrial hearing in May 2018. The record contains no journal entry for the May 2018 hearing, but the record shows the hearing occurred in May and that Mother again failed to appear.

The district court scheduled a trial on the State's motion to terminate parental rights on June 26, 2018. Mother did not appear in person at the hearing, but she was represented by her court appointed attorney. The district court recessed for 10 minutes to give Mother a chance to appear late, but she did not appear when court resumed. Mother's attorney referred the court to an unpublished Kansas appellate decision finding that a mother's due process rights had been violated when the district court refused to hold over a termination hearing for a third day to allow the mother to testify after she had failed to

4

appear on the second day of the hearing. The district court responded that "if it is an unpublished opinion then per Supreme Court rule it has no [precedential] value."

On the State's request, the district court granted "default judgment in regards to [M]other's termination of parental rights." The district court entered a finding that Mother was "unfit as set forth in the State's motion." The district attorney asked the court for clarification in whether it was making a best interests finding. The district court agreed that it was making a best interests finding and noted that it had "reviewed the file and the materials in it" earlier that morning.

The State later filed a journal entry terminating Mother's parental rights. In the journal entry, the district court found Mother unfit because of: (1) failure of reasonable efforts by appropriate public agencies to rehabilitate the family; (2) lack of effort on Mother's part to adjust her circumstances, conduct, or conditions to meet the needs of the children; (3) failure to maintain regular visitation, contact, or communication with the children; and (4) failure to carry out a reasonable plan approved by the court directed toward reintegration.

Mother moved to reconsider and set aside the default judgment. In her motion, Mother asserted that she was not at the termination hearing because of "mistake, inadvertence or, at the very worst, excusable neglect." She explained she missed the trial because she was confused because previous hearings had been in the afternoon. She argued that the children were bonded to her and that setting aside the default judgment would not prejudice the State. Mother asserted that she had a history of appearing in court during the case and that she always worked her case plan and visited with her children. At a hearing at which Mother appeared in person, the district court denied the motion to reconsider and set aside the default judgment, finding that Mother's stated reason for missing court was not a "meritorious defense." Mother timely filed a notice of appeal.

5

ANALYSIS

On appeal, Mother claims the district court violated her due process rights by terminating her parental rights through a default judgment. She also claims there was insufficient evidence to support the district court's findings that she was an unfit parent and that termination of her parental rights was in the children's best interests. Because we find that these two issues are interrelated, we will address them together.

As to Mother's due process claim, "[t]he fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner." *In re J.D.C.*, 284 Kan. 155, 166, 159 P.3d 974 (2007). When considering whether there has been a due process violation, appellate courts apply an unlimited standard of review. *State v. Hall*, 287 Kan. 139, 143, 195 P.3d 220 (2008).

As to Mother's sufficiency of the evidence claim, "[w]hen this court reviews a district court's termination of parental rights, we consider whether, after review of all the evidence, viewed in the light most favorable to the State, we are convinced that a rational factfinder could have found it highly probable, *i.e.*, by clear and convincing evidence, that the parents' right should be terminated." *In re K.W.*, 45 Kan. App. 2d 353, 354, 246 P.3d 1021 (2011). In making this determination, an appellate court does not weigh conflicting evidence, pass on the credibility of witnesses, or redetermine questions of fact. *In re B.D.-Y.*, 286 Kan. 686, 705, 187 P.3d 594 (2008).

Although Mother's claim that the district court erred by granting a default judgment is based on an alleged violation of her constitutional due process rights, we find that the claim can be resolved through statutory analysis. Interpretation of a statute is a question of law over which appellate courts have unlimited review. *Neighbor v. Westar Energy, Inc.*, 301 Kan. 916, 918, 349 P.3d 469 (2015).

6

We begin by reviewing the statutory procedure for termination of parental rights in the Revised Kansas Code for Care of Children (Revised Code), K.S.A. 2018 Supp. 38-2201 et seq. In all proceedings under the Revised Code, the rules of evidence of the code of civil procedure shall apply. K.S.A. 2018 Supp. 38-2249(a). Under the Revised Code, any party may request that the parental rights of either or both parents be terminated based on a finding of unfitness, either by making the request in the original petition filed in the case or in a separate motion filed in an existing case. K.S.A. 2018 Supp. 38-2266(a).

Upon the filing of a motion to terminate parental rights, the district court shall appoint an attorney to represent any parent who is not already represented by counsel. K.S.A. 2018 Supp. 38-2267(d) states that before a hearing on a motion to terminate parental rights, "the court shall appoint an attorney to represent any parent who fails to appear and may award a reasonable fee to the attorney for services." This statute contemplates that a termination of parental rights hearing can proceed with appointed counsel when the parent fails to appear.

At the hearing on a motion to terminate parental rights, the court may grant the motion when it finds by clear and convincing evidence that the parent is unfit by reason of conduct or condition which renders the parent unable to care properly for a child and the conduct or condition is unlikely to change in the foreseeable future. K.S.A. 2018 Supp. 38-2269(a). In determining unfitness, the court shall consider, but is not limited to, the factors set forth in K.S.A. 2018 Supp. 38-2269(b) and (c). If the court makes a finding of unfitness, it shall also consider whether termination of parental rights is in the best interests of the child. K.S.A. 2018 Supp. 38-2269(g)(1).

Finally, the Revised Code directs the district court how to proceed at a hearing on a motion to terminate parental rights when a parent fails to appear. K.S.A. 2018 Supp. 38-2248(f) provides that in evidentiary hearings for termination of parental rights, "the case

7

may proceed by proffer as to parties not present, unless they appear by counsel and have instructed counsel to object." In other words, when a parent fails to appear at the hearing on a motion to terminate parental rights, the State may proceed by proffering the evidence supporting the motion if there is no objection by counsel for the parent. But if the parent has instructed his or her counsel to object to a proffer, then the State should proceed by presenting evidence to the court in support of termination.

Here, the district court did not follow the statutory procedure in granting a judgment terminating Mother's parental rights. Although Mother failed to appear in person at the hearing on the motion to terminate her parental rights, she appeared at the hearing through her attorney. In this situation, at a minimum, the State should have proceeded by proffering the evidence in support of its motion to the district court. In the event of an objection to a proffer, the State should have proceeded to offer clear and convincing evidence to support its motion to terminate Mother's parental rights.

Instead of following the statutory procedure, the district court announced, without receiving any evidence, that it was granting a "default judgment in regard to [M]other's termination of parental rights." The district court found that Mother was "unfit as set forth in the State's motion." But the State's motion was not evidence, nor did any party ask the district court to consider the motion as evidence. In clarifying that it was also making a best interests finding, the district court noted that it had "reviewed the file and the materials in it" earlier that morning.

We recognize that a court may take judicial notice of its own court file. See K.S.A. 60-409(b)(4); *In re A.S.*, 12 Kan. App. 2d 594, 598, 752 P.2d 705 (1988). But in proceedings under the Revised Code, there are two separate files in any CINC case: the official file containing all the pleadings filed in district court and the social file containing reports and evaluations of the parties involved in the case. See K.S.A. 2018 Supp. 38-2211. Here, the district court did not specify whether it had reviewed its official court file

8

or the social file before the hearing and, in any event, no party requested the district court to take judicial notice of any file to serve as an evidentiary basis supporting the State's motion to terminate parental rights. Without a clearer record, we have no way of knowing what documents the district court may have reviewed before the hearing or whether the documents supported the district court's decision to terminate Mother's parental rights.

The district court later filed a journal entry terminating parental rights, noting that a default judgment had been granted against Mother. The journal entry also specified several statutory grounds for finding that Mother was an unfit parent under K.S.A. 2018 Supp. 38-2269(b) and (c). But as we have explained, the record shows that no party presented any evidence to the district court supporting the statutory factors.

We also recognize that the State's motion to terminate parental rights stated that "[a]ll parties are hereby notified that pursuant to K.S.A. 38-2234 and K.S.A. 60-255 that if you do not appear at the hearing, the court will be making decisions without your input which could result in a default judgment against either parent who fails to appear." But an examination of these two statutes shows that they do not support the district court's decision to grant a default judgment against Mother under the circumstances of this case.

K.S.A. 2018 Supp. 38-2234(a)(8) states that a pleading in a CINC case shall notify the parties that "[i]f you do not appear in court the court will be making decisions *without your input*." (Emphasis added.) But notifying a party that failure to appear in court will allow the court to make decisions without the party's input is not the same as notifying the party that failure to appear in court will allow the court to make decisions without hearing any evidence. Thus, K.S.A. 2018 Supp. 38-2234 did not authorize the district court to grant a default judgment against Mother without receiving any evidence.

Likewise, K.S.A. 2018 Supp. 60-255 did not authorize the district court to grant a default judgment under the circumstances presented here. That statute provides, in part:

9

"(a) When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, the party is in default. On request and a showing that a party is entitled to a default judgment, the court must render judgment against the party in default for the remedy to which the requesting party is entitled. . . . If the party against whom a default judgment is sought has appeared personally, or by a representative, that party or its representative must be served with written notice of the request for judgment at least seven days before the hearing."

Under K.S.A. 2018 Supp. 60-255, a party is in default when the party "has failed to plead or otherwise defend" against the action. Mother was not in default under this statute because she had appeared either in person or through counsel at every hearing scheduled in the case including the hearing to terminate parental rights. She certainly had not failed to plead or otherwise defend against the action as contemplated by the statute.

We have found no published appellate decisions in Kansas addressing default judgments granted on a motion to terminate parental rights. But *In re A.H.*, No. 103,138, 2010 WL 1379713 (Kan. App. 2010) (unpublished opinion), is similar to the facts here. In that case, the State moved to terminate the father's parental rights. Although the father was represented by stand-by counsel, he failed to appear in person at the termination hearing. Upon the State's request, the district court entered a default judgment terminating the father's parental rights. The district court received no evidence at the hearing, but the court stated that "it had reviewed the files and found sufficient evidence of unfitness." 2010 WL 1379713, at *1.

On appeal, the father challenged the sufficiency of the evidence supporting the termination order. This court began its analysis by questioning whether K.S.A. 60-255(a) on default judgments applies to a Chapter 38 proceeding. But without deciding that question, this court stated: "While [Father] did not appear to defend the State's unfitness allegations, [Father] was represented by stand-by counsel. Even if stand-by counsel was unprepared to represent [Father]'s interests, the district court should have proceeded with

the hearing and required the State to produce evidence in support of termination." 2010 WL 1379713, at *2. This court observed that K.S.A. 2009 Supp. 38-2269(a) provides that the court may terminate parental rights only when the court finds by clear and convincing evidence that the parent is unfit and that the conduct or condition is unlikely to change in the foreseeable future. Based on the statute, this court concluded that "the State was not entitled to judgment unless and until the State established clear and convincing evidence of [Father]'s unfitness to the satisfaction of the court." 2010 WL 1379713, at *2.

*In re A.H.* is distinguishable from the facts here because the district court in that case made no statutory findings of unfitness. Here, the journal entry filed by the district court included statutory findings of unfitness. But as we have discussed, these findings were not based on any evidence presented at the termination hearing, so the distinction between the two cases is not significant. We agree with the court's analysis in *In re A.H.* The State is not entitled to receive a default judgment against a parent who fails to appear in person at a termination hearing as long as the parent appears at the hearing through counsel. In that situation, the State must present evidence, or at least proffer evidence, supporting its motion to terminate parental rights before the district court can grant judgment on the motion. Cf. *In re D.H.*, No. 119,882, 2019 WL 1087762, at *4-5 (Kan. App. 2019) (unpublished opinion) (finding district court's decision to deny parent's motion to set aside default judgment was not an abuse of discretion).

To sum up, the district court erred by granting a default judgment against Mother terminating her parental rights because she was not in default in the proceedings. Mother had appeared in person at most of the hearings throughout the case and she appeared through her court appointed counsel at the hearing on the motion to terminate parental rights. A CINC case is a civil proceeding, and although one might expect a parent to attend a hearing on a motion to terminate parental rights, there is no requirement for a parent to attend such a hearing unless the parent has been subpoenaed by a party. And even a failure to obey a subpoena or court order to attend a hearing would not render the

11

parent in default to allow the court to terminate parental rights without receiving any evidence. Here, Mother had been notified that her failure to appear at the hearing could result in the court making decisions without her input that could result in the termination of her parental rights. But this notice did not allow the district court to terminate Mother's parental rights without receiving any evidence supporting the motion.

Mother claims on appeal that there was insufficient evidence to support the district court's findings that she was an unfit parent and that termination of her parental rights was in the children's best interests. We agree. In fact, the State presented *no evidence* supporting its motion to terminate Mother's parental rights. The court may grant a motion terminating parental rights only when it finds by clear and convincing evidence that the parent is unfit by reason of conduct or condition which renders the parent unable to care properly for a child and the conduct or condition is unlikely to change in the foreseeable future. K.S.A. 2018 Supp. 38-2269(a). When Mother failed to appear at the hearing on the motion to terminate her parental rights, the State, at a minimum, should have proceeded by proffering the evidence in support of its motion to the district court. In the event of an objection to a proffer, the State should have proceeded to offer clear and convincing evidence to support its motion to terminate Mother's parental rights.

Based on the record before us, we conclude there was insufficient evidence to support the district court's findings that Mother was an unfit parent and that termination of her parental rights was in the children's best interests. The case is remanded to the district court for further proceedings consistent with this opinion.

Reversed and remanded.